THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02123-PAB

LISA R. CHAPO,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

---

# ORDER

---

This matter comes before the Court on plaintiff Lisa R. Chapo's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d) [Docket No. 33]. Defendant Carolyn W. Colvin (the "Commissioner") opposes an award of fees under the EAJA [Docket No. 34]. The Commissioner believes she was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'") (citing 28 U.S.C. § 2412(d)(1)(A) (2006)).

Plaintiff applied for disability benefits on January 24, 2008. R. at 71. She claimed that she was unable to work due to disability as of December 1, 2004. *Id.* Plaintiff's claim was initially denied and plaintiff requested a hearing. R. at 35. An Administrative Law Judge ("ALJ") held a hearing on November 12, 2009. R. at 21-31. On November 24, 2009, the ALJ issued a decision denying plaintiff's application. R. at

16.  The Appeals Council denied plaintiff's request for review of this denial.  R. at 1.  Plaintiff appealed to this Court, and the Court affirmed the Commissioner's finding that plaintiff was not disabled under the Act.  Docket No. 20 at 11.  Plaintiff appealed to the Tenth Circuit.  Docket No. 22.  The Tenth Circuit, in *Chapo v. Astrue*, 682 F.3d 1285 (2012), reversed on a single claim of error, holding that the ALJ erred in failing to explain his reasons for assigning little weight to Dr. Jose Vega's medical opinion on plaintiff's mental limitations.  *Id.* at 1291-92.  Plaintiff seeks an award of attorney's fees for work performed by her attorney in litigating this case before this Court and before the Tenth Circuit.  Docket No. 33 at 1; Docket No. 33-1 at 2-5.

"[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute."  *Wrenn*, 525 F.3d at 934.  Under the EAJA, "'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified."  *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)).  "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position.  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  "Under the EAJA, the government bears the burden of showing that its position was substantially justified."  *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).  The Court is to consider both the government's position in the underlying agency action and

its position during any subsequent litigation. *Id.*; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

The Court turns to the ALJ's treatment of Dr. Vega's opinion. The Tenth Circuit noted that the ALJ's lone justification for rejecting Dr. Vega's opinion was that "'at the time of the hearing, Dr. Vega had been in a professional relationship with [Ms. Chapo] for merely two months.'" *Chapo*, 682 F.3d at 1291 (quoting R. at 15). The court determined that, although the ALJ's reasoning may have explained why the ALJ did not consider Dr. Vega a treating source, even examining source opinions must be evaluated based on "all of the factors set out in the cited regulations and the ALJ must provide specific, legitimate reasons for rejecting [such opinions]." *Id.* (internal quotations omitted). The ALJ's failure to explain its reasons for rejecting Dr. Vega's opinion "fatally undermined the basis of the ALJ's disposition at step five." *Id.*

The Commissioner makes several arguments in support of her position. First, the Commissioner argues that the Tenth Circuit's primary reason for remand is that the ALJ failed to articulate sufficient reasons for the weight given to Dr. Vega's functional capacity assessment. Docket No. 34 at 5. The Commissioner cites *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007), in support of her argument that the ALJ's explanation for rejecting the limitations proposed by Dr. Vega did not require an express reference to every factor or piece of evidence in the record. *Id.* Plaintiff responds that the ALJ's error should not be characterized as merely an insufficient articulation, but a

"clear deviation from governing law which fatally undermined the basis of the decision." Docket No. 35 at 4.

The ALJ is required to base an evaluation of medical evidence on the factors contained within 20 C.F.R. §§ 404.1527, 416.927. The weight given to a medical opinion must be sufficiently explained. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). However, the ALJ is not required to expressly apply all six factors. *Oldham*, 509 F.3d at 1258. The ALJ discussed the examining and treating relationship – two of the six factors contemplated by the regulations. *See* § 404.1527(c)(1)-(2); R. at 15 ("[A]t the time of the hearing, Dr. Vega had been in a professional relationship with the patient for merely two months. He knew the claimant only because he had evaluated her for Aid to the Needy Disabled (AND) and for the Pueblo County Department of Social Services."). Although the decision to afford Dr. Vega's opinion little weight may have been supported by substantial evidence, *see* Docket No. 20 at 10-11, the ALJ failed to set forth any additional reasons for discounting Dr. Vega's opinion. *See* R. at 14-15. However, under *Oldham*, the Court is not convinced that the ALJ's failure to expressly apply any of the remaining factors, by itself, compels a finding that the Commissioner's position has no reasonable basis in law. *See Doyal*, 331 F.3d at 764 ("The ALJ rejected Dr. Webb's opinion in reliance on the fourth such factor, consistency of the opinion with the evidence as a whole.").

Nonetheless, the Court must also consider the Commissioner's position during litigation. 28 U.S.C. § 2412(d)(2)(D). In addition to highlighting the ALJ's articulated reason for rejecting Dr. Vega's opinion and citing *Oldham*, the Commissioner argued to

the Court that the ALJ's decision to give Dr. Vega's opinion "little weight" was justified because Dr. Vega evaluated plaintiff at the request of her attorney and because Dr. Vega's opinion "that Plaintiff had marked and extreme limitations in mental functioning, was inconsistent with other record evidence, including her treatment records and her level of activities." Docket No. 17 at 15, 17. However, given that the ALJ's decision failed to mention either point, the Commissioner's argument was an attempt to provide a post-hoc justification for the ALJ's decision. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The ALJ's decision should have been evaluated based solely on the reasons stated in the decision."). The Tenth Circuit also rejected the Commissioner's position on appeal, stating "[t]he Commissioner has not cited a single authority for the facially dubious proposition that the opinion of an examining medical source is, *as such*, dismissible." *Chapo*, 682 F.3d at 1291. In opposing plaintiff's EAJA fee request the Commissioner argues that "the ALJ stated that he considered the entire record; he thoroughly discussed the medical evidence, which included objective medical findings and other evidence inconsistent with the extreme limitations contained in Dr. Vega's assessment." Docket No. 34 at 5. The Court rejects this defense of the ALJ's decision. *See Hardman v. Barnhart*, 362 F.3d 676, 679 (10th Cir. 2004) (rejecting use of boilerplate language to justify the ALJ's decision). Similarly, the Commissioner's argument that, by limiting plaintiff to only occasionally dealing with the public, the ALJ implicitly gave Dr. Vega's opinion some weight also fails. Docket No. 34 at 5. The Tenth Circuit noted that the ALJ erred in failing to explain why he accepted, to a small extent, Dr. Vega's opinion that plaintiff was limited in her ability to deal with the general public yet afforded little weight to the remainder of Dr. Vega's opinions. *Chapo*, 682

F.3d at 1291-92 (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) ("An ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only those parts that are favorable to a finding of nondisability.")). Thus, to the extent the Commissioner attempted to provide post-hoc justification for the ALJ's treatment of Dr. Vega's opinion, the Commissioner's litigation position is without substantial justification.

The Commissioner also argues that, although the Tenth Circuit noted that the ALJ failed to include in his hypothetical question to the Vocational Expert ("VE") his finding that plaintiff was limited to "simple, unskilled work at best," R. at 15, the jobs identified by the VE were unskilled such that the Commissioner's defense of the ALJ's findings had a reasonable basis in law and fact. Docket No. 34 at 6. However, an RFC finding must consider the limiting effects of all plaintiff's impairments, even those that are not severe. *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *see also Confere v. Astrue*, 235 F. App'x 701, 703-04 (10th Cir. 2007) (unpublished) (remanding because the ALJ's RFC reflected some of the limitations but not others and the hypothetical did not include all of the limitations) (citing *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)). The Tenth Circuit noted that the ALJ's hypothetical question was fatally defective for failure to address Dr. Vega's opinion and "did not even include a restriction (to 'simple' work) that the ALJ himself recognized in his decision." *Chapo*, 682 F.3d at 1292. Thus, it is impossible to conclude, as the Commissioner seems to suggest, that a reasonable basis exists for arguing that the ALJ's error was harmless. The Commissioner's argument on this point is, by itself, insufficient to preclude an award of fees.

The Commissioner argues that the Court and the Tenth Circuit agreed with the Commissioner's position on several issues, including that the ALJ's RFC finding need not precisely match a medical opinion, that the ALJ sufficiently explained his reasons for the weight given to Dr. Amin's and Dr. Krause's opinions, and that the ALJ properly gave no weight to the portion of Dr. Vega's opinion expressed in a "Med-9 Form," which was a "conclusory form" lacking any functional findings. Docket No. 34 at 4-5 (citing *Chapo*, 682 F.3d at 1289). The Court must treat this case "as an inclusive whole, rather than as atomized line-items." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990). However, the Tenth Circuit remanded the case so the ALJ could "obtain a mental RFC determination from an examining source to oppose to Dr. Vega's, articulate some other adequate basis for discounting Dr. Vega's findings, or come back to the VE with a proper hypothetical." *Chapo*, 682 F.3d at 1292. Thus, the issues upon which the Commissioner prevailed are substantially unrelated to the basis upon which plaintiff's case was remanded. *See Hackett v. Barnhart*, 475 F.3d 1166, 1173 n.1 (10th Cir. 2007) (rejecting Commissioner's argument that "because she prevailed on five of the six issues that plaintiff raised in the district court," her position at the administrative level was substantially justified). The arguments advanced by the Commissioner in response to plaintiff's request for attorney's fees do not justify her position "to a degree that could satisfy a reasonable person," *see Pierce*, 487 U.S. at 565, and, as a result, the Commissioner fails to carry her burden. Thus, the Court finds that an award of fees is warranted.

Plaintiff seeks a total of $12,709.00 in attorney's fees for 71.6 hours of work performed by Mr. Seckar at an hourly rate of $177.50. Docket No. 33 at 1; Docket No.

35 at 10.  The Commissioner does not dispute the reasonableness of the fees requested.  To determine a reasonable fee request, a court must begin by calculating the "lodestar amount."  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  After a review of Mr. Seckar's billing records, the Court finds that three hours were spent on non-compensable clerical tasks or reviewing routine court filings. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).  The Court will reduce the award accordingly.  Plaintiff is also entitled to the hours Mr. Seckar expended in pursuing a fee award under the EAJA.  *See Jean*, 496 U.S. at 163-64 ("Congress intended the EAJA to cover the cost of all phases of successful civil litigation addressed by the statute.").  Mr. Seckar's affidavit states his hourly rate is based upon the maximum fee allowed under the EAJA (adjusted for cost of living increase) and the Court finds that his claimed fee is reasonable for an attorney of Mr. Seckar's skill and experience.  *See* Docket No. 33-1 at 1, 6.  The Court concludes that the lodestar amount is $12,176.50 (68.6 hours x $177.50 hourly rate).[1]

Accordingly, it is

**ORDERED** that plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 33] is **GRANTED** in part and **DENIED** in part.  It is further

---

[1] Although it does not appear that plaintiff requested otherwise, the Commissioner requests that the EAJA fee award be made payable to plaintiff.  Docket No. 34 at 6.  The Court will grant the Commissioner's request.  *See Manning v. Astrue*, 510 F.3d 1246, 1251 (10th Cir. 2007).

**ORDERED** that plaintiff LISA R. CHAPO shall be awarded $12,176.50 in attorney's fees pursuant to the EAJA.

DATED February 3, 2015.

                                                  BY THE COURT:

                                                  s/Philip A. Brimmer
                                                  PHILIP A. BRIMMER
                                                  United States District Judge